UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Jesus Enrique Boscan Castro,

*Petitioner*,

v.

Markwayne Mullin, *Secretary of DHS*, et al.,

*Respondents*.

No. 6:26-cv-222-CRW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jesus Enrique Boscan Castro's petition for writ of habeas corpus (Dkt. No. 1), filed on April 3, 2026. On April 7, 2026, this Court entered an order for the respondents to show cause as to why the petition should not be granted. Dkt. No. 2. Federal Respondents filed their response on April 10, 2026. Dkt. No. 3. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's petition for writ of habeas corpus should be denied.

Habeas petitioners bear the burden of demonstrating that challenged detention is unlawful. 28 U.S.C. § 2241(c)(3). Boscan Castro argus that his detention is unlawful under 8 U.S. § 1254a, which governs the treatment of temporary protected status (TPS) holders. Dkt. No. 1 ¶¶ 62, 60. Boscan Castro received TPS as a Venezuelan. *Id.* ¶ 15. But that status was only valid until April 2, 2025. *Id.* His renewal had not been approved at the time he filed this habeas petition. *Id.* The Department of Homeland Security terminated Venezuela's TPS designation in 2025.

Dkt. No. 3 at 12–13 (citing Notice of Termination of the October 3, 2023, Designation of Venezuela for Temporary Protected Status, CIS No. 2804-25). When a country's TPS designation is terminated, "registered nationals of that country return to the same immigration status they maintained before TPS." *United States v. Orellana*, 405 F.3d 360, 365 (5th Cir. 2005). Boscan Castro entered the country without inspection. Dkt. No. 1 ¶ 12. And a grant of TPS is not a lawful "admission" to the United States. *See Sanchez v. Mayorkas*, 593 U.S. 409, 416 (2021). "[A]liens who enter the United States without inspection and admission are subject to mandatory detention under [8 U.S.C.] §1225(b)(2)." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216).

Petitioners like Boscan Castro, who have never been admitted to the country, "are not entitled to additional process concerning their admission beyond what Congress provided in § 1225(b)(2)(A)." *Sosnava Rodriguez v. Vergara*, No. 26-50183, at 30 (5th Cir. Oct. 23, 2026) (*en banc*). His remaining arguments are denied for the reasons set forth in Respondents' response. Boscan Castro has not shown this Court that his detention is unlawful. Under the Fifth Circuit's precedent, the Court finds that Petitioner's requested relief should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED.** All other requested relief is hereby denied.

So ordered on November 23, 2026.

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE